## Interest on Tax Settlements.

SCHNADER, Special Dep. Att'y-Gen., April 16, 1930.—We have your request for an interpretation of sections 805 *(b)* and 806 *(a)* of The Fiscal Code (Act of April 9, 1929, P. L. 343). You desire to know whether interest, at the rate of 12 per centum per annum, begins to accrue on tax accounts sixty days after the date of settlement, or ninety days after the date of settlement.

Section 805 *(b)* of The Fiscal Code provides that:

"*(b)* The amount of every tax and of every foreign bonus settlement shall become due and payable sixty days after the date of the settlement, unless there shall be a resettlement, in which case the amount of the resettlement shall become due and payable sixty days after the date of the resettlement."

Section 806 *(a)* provides that:

"*(a)* In the settlement by the Department of Revenue of all accounts for taxes due the Commonwealth, it shall charge interest upon the amount of tax or balance found due the Commonwealth, at the rate of twelve per centum per annum, from thirty days after the time said tax or balance becomes due and payable, to the time of the settlement of the same; and all balances due the Commonwealth on accounts settled by the Department of Revenue shall bear interest from sixty days after the date of settlement, at the rate of twelve per centum per annum, until the same are paid, except where appeals have been taken from settlements. . . ."

Section 806 *(a)* is a re-enactment of the Act of March 31, 1927, P. L. 94, which amended section 30 of the Act of June 1, 1889, P. L. 420, with the exception that the Department of Revenue is substituted in the 1929 law for the Auditor General and State Treasurer, who were mentioned in the prior legislation. The Act of 1889, as amended by the Act of 1927, applied to two distinct classes of settlement, namely, first, the settlement or liquidation of accounts of county officers acting as the agents for the Commonwealth for the collection of State taxes; and, second, accounts settled against taxpayers themselves by the Auditor General and State Treasurer. In the former case, interest began to run at the rate of 12 per centum per annum thirty days

556

after a county officer ought to have paid over to the Commonwealth the balance of taxes due from him to it. In the latter case, interest began to run at the rate of 12 per centum per annum sixty days after the date of settlement.

Prior to the passage of The Fiscal Code, the payment of interest on other accounts settled by the Auditor General and State Treasurer was governed by section 34 of the Act of March 30, 1811, P. L. 145.

Section 806 (a) of The Fiscal Code cannot be held to have the same effect as the Act of March 31, 1927, P. L. 94, or the Act of June 1, 1889, P. L. 420. Section 806 (a) has no application whatever to the payment of interest by county officers upon balances of taxes due by them to the Commonwealth. This subject is covered by section 904 of The Fiscal Code.

Article VIII deals exclusively with "The Settlement of Bonus and Tax Accounts." Article IX, on the other hand, deals with "Procedure for the Collection of Moneys Due the Commonwealth by County or City Officers."

Applied exclusively to tax accounts as distinguished from accounts due by county officers for taxes collected, section 806 (a) of The Fiscal Code contains an obvious contradiction. Its first clause must be construed to mean that in accepting payment and receipting for amounts due on tax accounts, the Department of Revenue shall charge interest at the rate of 12 per centum per annum from thirty days after the time the tax becomes due; and under section 805 (b) the due date of the tax is sixty days after the date of settlement or resettlement, if there be a resettlement. The taxpayer thus has ninety days after the date of settlement or after the date of resettlement, if there be one, within which to pay his tax before interest begins to run. The second clause provides that interest at the rate of 12 per centum per annum shall begin to run sixty days after the date of settlement. It is impossible to administer both of these provisions. Interest begins to run either sixty days after the date of settlement or ninety days after the date of settlement. The Legislature's intention that tax accounts shall bear interest at the rate of 12 per centum per annum is clear, but the date upon which the interest shall begin to run is not clear. It is a familiar rule of law that statutes imposing taxes must be construed strictly against the taxing power and in favor of the taxpayer; and we take it that a provision charging a high rate of interest for failure to pay taxes promptly is subject to the same rule of interpretation. Therefore, in construing the conflicting provisions of section 806 (a) of The Fiscal Code, it is necessary to adopt the more liberal alternative and charge interest at the rate of 12 per centum per annum from ninety days after the date of settlement rather than from sixty days after the date of settlement.

Accordingly, we advise you that interest at the rate of 12 per centum per annum begins to run against taxpayers beginning ninety days after the date of settlement, or ninety days after the date of resettlement, if there was a resettlement.

While the presence in section 806 (a) of these contradictory clauses is unfortunate, a period of ninety days in which a taxpayer may pay his taxes without interest is more consistent with the general scheme of The Fiscal Code than a sixty days' period would be, for the reason that, under section 1102, a taxpayer is allowed ninety days after the date of settlement within which to file a petition for resettlement. Under the construction which we have placed on section 806 (a), the period for filing a petition for resettlement and the period for payment of tax without interest is identical. This is as it should be.

From C. P. Addams, Harrisburg, Pa.